# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 1, 2018

| | |
|---|---|
| * * * * * * * * * * * * <br> EVA J. COIRO-LORUSSO and NICOLA <br> LORUSSO, as Parents of and Natural <br> Guardians of U.L., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * | UNPUBLISHED <br><br> Chief Special Master Dorsey <br><br> No. 04-258V <br><br> Attorneys' Fees and Costs; Autism; <br> Excessive Time; Excessive <br> Correspondence with Co-Counsel. |

Milton Clay Ragsdale, IV, Ragsdale LLC, Birmingham, AL, for petitioners.
Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

On February 27, 2004, Eva Coiro-Lorusso and Nicola Lorusso ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program"), as the parents and natural guardian of their son, U.L., a minor. Petitioners alleged that multiple childhood vaccinations that U.L. received caused him to develop autism or autism spectrum disorder ("ASD").

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

This case was part of the J.M. et al. (02-10V) omnibus case. On May 5, 2014, petitioners filed a status report in which they agreed to be bound by the ruling in J.M et al. The undersigned issued a decision dismissing both J.M. et al. and this case on August 31, 2017. J.M. et al. v. Sec'y of Health & Human Servs., 02-10V, 2017 WL 7409771 (Fed. Cl. Spec. Mstr. Aug. 31, 2017).

On March 29, 2018, petitioners filed a motion for attorneys' fees and costs. Petitioners' Application ("Pet. App.") dated March 29, 2018 (ECF No. 93). Petitioners requested $36,681.25 in attorneys' fees and $3,664.36 in attorneys' costs for a total of $40,345.61 to compensate their attorney of record, Mr. M. Clay Ragsdale, Mr. Ragsdale's associate, Ms. Allison Riley, and paralegal Amy Johnson. Pet. App. at 1-2. Petitioners did not request any costs in this case. Id. at 3.

Respondent filed his response on April 3, 2018, indicating that he did not oppose petitioner's motion because he believed the statutory requirement for attorneys' fees had been met in the instant case. For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards $38,511.55 in attorneys' fees and costs.

**I.  Discussion**

Under the Vaccine Act, a special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(3). Respondent has not objected to petitioners' application for fees and costs on the basis of a lack of good faith or reasonable basis. The undersigned finds that petitioners brought their petition in good faith and with a reasonable basis, and therefore will award reasonable attorneys' fees and costs.

**a. Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is

"well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson, 24 Cl. Ct. 482, 484, (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i. Hourly Rates

Petitioners request compensation for Mr. Ragsdale in the amounts of $300.00 per hour for work performed in 2011; $300.00 per hour for work performed in 2012; $300.00 per hour for work performed in 2013; $385.00 per hour for work performed in 2014; $385.00 per hour for work performed in 2015; $385.00 per hour for work performed in 2016; and $400.00 per hour for work performed in 2018. Pet. App. at 2-3. Petitioners also request compensation for Ms. Riley in the amounts of $175.00 per hour for work performed in 2011; $175.00 per hour for work performed in 2012; $200.00 per hour for work performed in 2013; $200.00 per hour for work performed in 2014; $225.00 per hour for work performed in 2015; $250.00 per hour for work performed in 2016; $270.00 per hour for work performed in 2017; and $270.00 per hour for work performed in 2018. Finally, petitioners request that Ms. Johnson be compensated for paralegal work at a rate of $135.00 per hour for all work performed. Mr. Ragsdale based his most recent hourly rate increases on the Office of Special Masters' 2015-2017 Fee Schedules, which specify hourly rate ranges for attorneys based on the standards set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[3]

Special Master Corcoran recently provided an in-depth analysis as to the reasonableness of rates requested by Ragsdale, L.L.C. Greer v. Sec'y of Health & Human Servs., 2018 WL 1125695 (Fed. Cl. Spec. Mstr. Jan. 17, 2018). In Greer, Special Master Corcoran looked to federal district court decisions from the relevant geographic location (in this case, Birmingham, Alabama) to assess what attorneys received for fee awards doing comparable work to that performed in Vaccine Act cases. The Special Master concluded that Mr. Ragsdale and his associates were entitled to in-forum rates, and that the rates requested were reasonable and consistent with the rates set forth in McCulloch. Petitioners in the instant case request the same

---

[3] The 2015-2016 Hourly Rate Fee Schedule can be accessed at:

www.uscfc.uscourts.gov/sites/.../Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:

http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

3

rates of compensation as were requested in Greer. Pet. App. at 2. Therefore, the undersigned finds that counsel's requested hourly rates are reasonable and in conformance with previously established rates for Mr. Ragsdale's firm. Accordingly, the undersigned will not adjust the attorneys' fees rates requested for Mr. Ragsdale and Ms. Riley; the undersigned also will not adjust the paralegal rates for work performed by Ms. Johnson.

### ii. Reduction of Billable Hours

While the undersigned agrees that petitioners are entitled to an award of attorneys' fees, a reduction in the number of hours billed by Mr. Ragsdale and Ms. Riley is appropriate. Several entries appear to contain, in the undersigned's view, excessive time drafting documents and excessive correspondence with co-counsel.

While the undersigned is not required to perform a line by line review, some specific examples are illustrative of these issues. An entry on 2/27/2012 shows 1 hour billed for reviewing the court's order to show cause, a straightforward two page order largely reiterating the procedural history of the case and mandating the filing of documents which petitioner knew were required for several months. The next entry, on 3/06/2013, is 1:12 hours billed for drafting a response to this order, also a two page documents which largely recounts the procedural posture of the case. Similar entries involving excessive time to draft or review short orders include entries on 8/22/2012, 10/18/2012, 10/19/2012, 2/18/2013, 2/20/2013, 9/24/2013, 9/25/2013, 11/11/2013, and 11/13/2013.

Additionally, many entries from 2014 to 2017, when the instant case was added to the J.M. et al. omnibus proceeding, are lacking in specificity regarding the actual work performed and how it pertains precisely the instant case. Multiple entries refer to conferring with co-counsel or review of materials to be used in the main test case in the omnibus action but provide no further detail beyond that, such as what role petitioners' counsel played in the larger omnibus proceeding. The undersigned has previously noted in other applications for attorneys' fees that reduction is proper when counsel bills for meetings between each other, as such billing is excessive and duplicative. See Bondi v. Sec'y of Health & Human Servs., No. 12-476V, 2017 WL 1046526 (Fed. Cl. Spec. Mstr. Feb. 23, 2017) (reducing counsel's invoice for three law firm partners each billing time for case meetings and emails with each other). From the information provided, it is unclear which co-counsel was being communicated with by petitioners' counsel such that it is impossible for the undersigned to determine whether such time has already been billed previously by other counsel in the J.M. et al. omnibus. Given this lack of specificity, the undersigned finds that a reduction of billable hours is proper.

These issues are, however, relatively minor in view of the totality of costs billed. Accordingly, the undersigned finds that a reduction of 5% is appropriate, and that petitioner's counsel is entitled to compensation for attorneys' fees in the amount of $34,847.19.[4]

---

[4] The undersigned is aware that "percentage reductions [or fee awards] are subject to heightened scrutiny." Raymo v. Sec'y of Health & Human Servs., 129 Fed. Cl. at 702 (citing Guerrero v. Sec'y of Health & Human Servs., 120 Fed. Cl. 474, 481-82 (2015) (quoting International Rectifier Corp. v. Samsung Electrics Co., 424 F.3d 1235, 1239 (Fed. Cir. 2005))). In this case,

### b. Costs

Petitioners request $3,664.36 in attorneys' costs. Pet. App. at 3. Like attorneys' fees, attorneys' costs must also be reasonable. Sabella, 86 Fed. Cl. at 206. Specifically, petitioners ask for $375.91 for the cost of medical records, $72.38 for the cost of counsel driving to petitioners' home, $216.07 for copy services, and $3,000.00 to compensate petitioners' expert, Dr. Fran Kendall. After carefully considering petitioner's application and for the reasons discussed below, the undersigned awards a total of $3,664.36 in costs.

Petitioners request a total of $3,000.00 to compensate Dr. Fran Kendall for work she billed on the case in 2014. Dr. Kendall billed 7.5 hours of work in this case at a rate of $400.00 per hour. The undersigned finds that this is a reasonable amount of time billed for the production of an expert report, and that Dr. Kendall's rate was also reasonable. Accordingly, petitioners are entitled to $3,000.00 for work performed by Dr. Kendall.

The undersigned also finds that petitioners have provided detailed invoices and expense vouchers concerning the other requested attorneys' costs, and that all these costs appear to be reasonable. The undersigned will award these costs in full.

### II. Conclusion

For the reasons set forth above, the undersigned finds that petitioners are entitled to an award of attorneys' fees and costs. The amount of the award is computed as follows:

**Total Fees and Costs Requested:**      **$40,345.61**

**Attorneys' Fees:**
- Total Requested: $36,681.25
- 5 % Reduction: ($1,834.06)
- Total Awarded: $34,847.19

**Total Attorneys' Fees Awarded:**      **$34,847.19**

**Costs**:
- Total Requested      $3,664.36

  **Dr. Fran Kendall:**      $3,000.00

  **Other Costs**
- Medical Records      $375.91
- Mileage Fees      $72.38
- Copy Services      $216.07

---

the undersigned has provided a "concise but clear explanation as to why the fee reduction is justified" as required. Id. (internal citations omitted).

**Total Costs Awarded:** $3,664.36

**Accordingly, the Court awards:**

**(1) $38,511.55 in attorneys' fees and costs, in the form of a check payable to petitioners' attorney, Mr. M. Clay Ragsdale.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.